J. EUSTICE BIZZELL, ADMINISTRATOR OF THE ESTATE OF JOHNNIE
LASSITER, v. MRS. HELEN CLEMENTS.

(Filed 17 October, 1956.)

APPEAL by plaintiff from *Bone, J.,* March Term, 1956, of WAYNE.

Civil action growing out of an automobile collision that occurred about 7:00 a.m., 23 February, 1955, in Wayne County, at the intersection of the Eureka-Goldsboro road and the Faro-Pikeville road.

Approaching the intersection, plaintiff's intestate was driving south on the Eureka-Goldsboro road, the dominant highway, passing a highway Crossroads Sign; and defendant was driving west on the Faro-Pikeville road, the servient highway, passing a highway Stop Sign.

Evidence offered by plaintiff tended to show that her intestate was driving some 30-40 miles per hour, on his right side of the highway; that defendant could be observed approaching the Stop Sign and intersection "pretty·fast"; that, without stopping or reducing speed, defendant drove into the intersection; and that the collision occurred when defendant's car struck the left side of the car of plaintiff's intestate.

Evidence offered by defendant tended to show that, while she did not come to a complete stop, she almost stopped; that she looked, saw nothing coming, and drove into the intersection at a speed of 5-10 miles per hour; and that, while attempting to cross the intersection, the car of plaintiff's intestate came on at an unlawful speed, to wit, 60 miles per hour, striking the right front wheel of her car.

Plaintiff's intestate died from injuries caused by said collision; also, his automobile was damaged.

The jury answered the negligence issue "Yes," and also answered the contributory negligence issue "Yes." Upon the verdict, judgment was entered for defendant. Plaintiff excepted and appealed, assigning errors.

*J. Faison Thomson & Son for plaintiff, appellant.*
*Edmundson & Edmundson for defendant, appellee.*

PER CURIAM. Under the pleadings and evidence, the issues of negligence and contributory negligence were properly submitted; and, while the contributory negligence issue might have been answered otherwise,

the jury upon conflicting evidence saw fit to resolve it in favor of defendant.

A careful examination of plaintiff's assignments of error fails to disclose prejudicial error in the challenged rulings on evidence or as to challenged features of the charge. Indeed, it appears that the presiding judge fully and correctly instructed the jury as to the law applicable to the factual situations having support in the evidence.

No error.

JOHNSON, J., not sitting.